**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

ROBERT BOLES,

    Plaintiff,

v.                                                   Case No. 14-14074

DARNELL JACKSON,

    Defendant.

_____/

**ORDER SUMMARILY DISMISSING CASE, DENYING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, AND DENYING MOTION TO STRIKE**

Plaintiff Robert Boles, a state inmate currently incarcerated at the Lakeland Correctional Facility, in Coldwater, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff was convicted of first-degree murder, Mich. Comp. Laws § 750.316, on December 19, 1978, in Saginaw Circuit Court. Defendant is a state circuit court judge who presided over, at a minimum, Plaintiff's state post-conviction relief proceedings. Plaintiff filed a Motion for Leave to File an Amended Complaint (Dkt. # 11) on April 30, 2015, and Defendant subsequently filed a response (Dkt. # 12). Plaintiff then filed a Motion to Strike Defendant's Response. (Dkt. # 14.)

The proposed amended complaint, as well as the original complaint, allege that Plaintiff sought, but was denied, state post-conviction review under Michigan Court Rule 6.508(D) and 6.502(G). (Dkt. # 1, Pg. ID 8-9; Dkt. # 11-1, Pg. ID 48-49.) He claims that Defendant's reliance on these rules to bar review of his conviction violates his due process rights under the Fourteenth Amendment. The complaint seeks a declaratory

ruling that the rules in question as applied to his case are unconstitutional, and "any other relief that is deemed just and equitable." (Dkt. # 1, Pg. ID 12-13; Dkt. # 11-1, Pg. ID 55.) For the reasons stated below, the court will summarily dismiss the case because it fails to state a claim upon which relief may be granted and deny the Motion for Leave to File an Amended Complaint and Motion to Strike Defendant's Response as moot.

## I. Standard of Review

The court may dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014). "In determining whether a prisoner has failed to state a claim, [the court] construe[s] his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Id.* at 505.

## II. Discussion

Plaintiff's claim concerns Defendant's adjudication of his state post-conviction review proceeding. Plaintiff asserts in pertinent part that on June 6, 2014, he filed a successive motion for relief from judgment in the Saginaw Circuit Court. (Dkt. # 1, Pg. ID 10; Dkt. # 11-1, Pg. ID 48.) The June 6, 2014 motion asserted that he was being

deprived of his liberty interest by the unconstitutional operation of Michigan Court Rules 6.508(D)(2), and 6.502(G). (Dkt. # 1; Pg. ID 10; Dkt. # 11-1, Pg. ID 4-49.) These rules essentially prevent a criminal defendant from re-litigating issues that have been previously raised in a post-conviction review proceeding. Rule 6.508(D)(2) prevents a defendant from re-raising claims that have been presented in a prior proceeding, and Rule 6.502(G) prevents a defendant from filing more than one post-conviction review proceeding. Both rules have an exception for claims based on a retroactive change in the law, and Rule 6.502(G) has an additional exception for claims based on newly discovered evidence. Rule 6.508(D)(2) provides, in relevant part, that the court may not grant a motion for relief from judgment on "grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision." Rule 6.502(G) governs successive motions for relief from judgment, and it provides:

> (1) Except as provided in subrule (G)(2) . . . , one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.
>
> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion . . . .

Mich. Ct. R. 6.502(G).

The original complaint implies that these state procedural rules are unconstitutional as applied to Plaintiff because Plaintiff was prohibited from asserting a successive motion for relief from judgment even though there was a significant

3

possibility that he was innocent of first-degree felony murder. (Dkt. # 1, Pg. ID 11-12.) The proposed amended complaint argues, in more detail, that the state procedural rules violate his constitutional rights primarily because "he has a liberty interest in demonstrating his innocence," and using these rules to bar review of a claim despite his claim of innocence is "fundamentally unfair." (Dkt. # 11-1, Pg. ID 51.) Specifically, Plaintiff asserts that he set forth facts in his motion for relief from judgment showing that "he []would have had a reasonably likely chance of acquittal of first-degree felony murder, absen[t] . . . erroneous admitted evidence, where the evidence (written statement) shows she[1] was intoxicated during the crime, [Plaintiff] did not knowingly consciously act with the intent to rob, and there being a lack of specific intent to commit armed robbery." (*Id.* at 52.)

The complaint is subject to summary dismissal. "[I]t is well settled that there is no constitutional right to an appeal." *Abney v. United States*, 431 U.S. 651, 656 (1977) (citing *McKane v. Durston*, 153 U.S. 684 (1894). "The right of appeal, as we presently know it in criminal cases, is purely a creature of statute." *Id.* Likewise, the Constitution does not impose an obligation on a state to provide the right to a direct appeal from a judgment of conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (reasoning that "it is clear that the State need not provide any appeal at all" and that this "consideration[] appl[ies] with even more force to postconviction review" (citation omitted)).

Because there is no constitutional right to state post-conviction review, Plaintiff

---

[1]It is unclear from the proposed amended complaint to whom the pronoun "she" refers.

has failed to state a claim under 42 U.S.C. § 1983. *See Wershe*, 763 F.3d at 504-05. Furthermore, the original complaint and the proposed amended complaint both share the same infirmity—that is, neither states a claim under § 1983 because neither alleges the deprivation of a constitutional right. Accordingly, because the matter will be summarily dismissed pursuant to 28 U.S.C. § 1915A irrespective of whether the Motion for Leave to File an Amended Complaint is granted, that motion, as well as the Motion to Strike Defendant's Response, will be denied as moot.

### III. CONCLUSION

IT IS ORDERED that the complaint (Dkt. # 1) is DISMISSED pursuant to 28 U.S.C. § 1915A.

IT IS FURTHER ORDERED that the Motion for Leave to File an Amended Complaint (Dkt. # 11) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike Defendant's Response (Dkt. # 14) is DENIED as moot.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522